Filing # 66611624 E-Filed 01/16/2018 06:59:39 PM

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

ARILYN JAMES,

        Plaintiff,

v.

CITIBANK, N.A.,

        Defendant.

_____/

CASE NO:
**Jury Trial Demanded**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff ARILYN JAMES ("Ms. James" or "Plaintiff") files suit against CITIBANK,

N.A. ("Citibank" or "Defendant") and in support alleges:

### NATURE OF ACTION

1.    This is an action for injunctive relief and damages in excess of $15,000 brought

by Plaintiff, Arilyn James, for violations of the Telephone Consumer Protection Act, 47 U.S.C. §

227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute section

559.55 et seq. ("FCCPA") by Citibank.  Fundamentally, this case is about Citibank refusal to

respect Ms. James' personal and legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to Florida Statute section 26.012,

Florida Statute section 559.77(1) and 47 U.S.C. § 227(b)(3).

### THE PARTIES

3.    Plaintiff, Arilyn James, is a natural person, residing in Florida.

4.    Citibank N.A. is chartered as a National Bank with a principal place of business

located at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

5.    Ms. James is the regular user and carrier of the cell phone number (727) 480-

3958.

6.    At all times material, Citibank was transacting business in the State of Florida.

7.    Citibank is a corporation responsible for attempting to collect an alleged debt from Ms. James.

8.    Ms. James is the recipient of the Citibank calls.

9.    Ms. James is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

10.    Ms. James is an "alleged debtor."

11.    Ms. James is a "consumer" as defined in Florida Statute section. 559.55(8).

12.    The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute section 559.55(6).

13.    Ms. James hired Davis Law Firm to represent her to seek relief from the overwhelming volume of debt collection calls that Ms. James is receiving from Citibank.

## BACKGROUND

14.    Beginning in February 2016, Ms. James started to make a record of the multiple collection calls per day from Citibank to her cell phone (727) 480-3958.

15.    Citibank called Ms. James in an attempt to collect an alleged debt.

16.    *NATURE OF THE VIOLATIONS.* Exhibit "A" displays the times and dates of at least some of the calls made by Citibank to Ms. James' cell phone (727) 480-3958.

17.    Citibank made at least 575 calls to Ms. James' cell phone.

18.    *MS. JAMES REVOKED CONSENT MULTIPLE TIMES.* On several occasions, Ms. James orally requested that Citibank "stop calling" her.

19.    Despite these repeated requests, Citibank continued to call Ms. James' cell phone

to harass her.

20.     *CITIBANK LACKED CONSENT.*  Ms. James is the regular user and subscriber to cell phone (727) 480-3958.

21.     Ms. James revoked any consent when she verbally asked Citibank to "stop calling" her.

22.     Citibank has called Ms. James' cell phone at least 575 times.

23.     Citibank calls are so frequent that Ms. James often does not answer incoming phone calls from anyone.

24.     *CITIBANK PRACTICES.* Citibank called Ms. James using telephone number(s): (859) 283-8074; (859) 309-5126; (877) 587-5727; and (817) 802-1496.

25.     The telephone number (859) 283-8074 is a number that does or did belong to Citibank or its agents.

26.     The telephone number (859) 309-5126 is a number that does or did belong to Citibank or its agents.

27.     The telephone number (877) 587-5727 is a number that does or did belong to Citibank or its agents.

28.     The telephone number (817) 802-1496 is a number that does or did belong to Citibank or its agents.

29.     Citibank attempted to collect an alleged debt from Ms. James by overwhelming her with telephone calls.

30.     Each call Citibank made to Ms. James was made using an automatic telephone dialing system ("ATDS"), which has the capacity to store or produce telephone numbers to be called, without human intervention, using a sequential or random number generator; and to dial

such numbers as specified by 47 U.S.C. § 227(a)(1).

31.    Furthermore, many of the calls at issue were placed by the Defendant using a "pre-recorded voice" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

32.    Ms. James recognized Citibank use of an artificial or pre-recorded voice from the pause or click Ms. James heard when answering her cell phone.

33.    Ms. James repeatedly requested that Citibank "stop calling," however, Citibank continued to make calls.

34.    Citibank made at least one call to (727) 480-3958.

35.    Citibank made at least one call to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

36.    Citibank made at least ten (10) calls to (727) 480-3958.

37.    Citibank made at least ten (10) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

38.    Citibank made at least fifty (50) calls to (727) 480-3958.

39.    Citibank made at least fifty (50) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

40.    Citibank made at least one hundred (100) calls to (727) 480-3958.

41.    Citibank made at least one hundred (100) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

42.    Citibank made at least two hundred (200) calls to (727) 480-3958.

43.    Citibank made at least two hundred (200) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

44.    Citibank made at least three hundred (300) calls to (727) 480-3958.

45.     Citibank made at least three hundred (300) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

46.     Citibank made at least four hundred (400) calls to (727) 480-3958.

47.     Citibank made at least four hundred (400) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

48.     Citibank made at least five hundred (500) calls to (727) 480-3958.

49.     Citibank made at least five hundred (500) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

50.     Citibank made at least five hundred seventy-five (575) calls to (727) 480-3958.

51.     Citibank made at least five hundred seventy-five (575) calls to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

52.     Each call that Citibank made to Ms. James' cell phone was done so without the "express permission" of Ms. James.

53.     Citibank has at least one recorded conversation with Ms. James.

54.     Citibank has recorded numerous conversations with Ms. James.

55.     Citibank has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

56.     Citibank corporate policy and procedures are structured as to continue to call individuals like Ms. James, despite these individuals revoking any consent that Citibank may have mistakenly believed it had.

57.     Citibank corporate policy and procedures provide no means for Ms. James to have her aforementioned cellular number removed from the call list.

58.     Citibank has a corporate policy of using ATDS or pre-recorded or artificial voice

message to collect debts from individuals such as Ms. James for its financial benefit.

59.　　Ms. James expressly revoked any prior consent Citibank may have mistakenly believed it had for placement of telephone calls to Ms. James' aforementioned cellular telephone by the use of an ATDS or pre-recorded voice or artificial voice immediately upon Citibank placement of the calls.

60.　　Citibank never had Ms. James' prior express consent for the placement of the telephone calls to her aforementioned cellular telephone by use of ATDS or a pre-recorded or artificial voice.

61.　　The calls made by Citibank to Ms. James' cell phone were willfully or knowingly made.

62.　　The calls made by Citibank to Ms. James' cell phone were not made for emergency purposes.

63.　　All conditions precedent to this action have been performed or waived.

### COUNT I – VIOLATIONS OF THE TCPA BY CITIBANK

64.　　Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint.

65.　　Citibank negligently, willfully, or knowingly placed calls to Ms. James' cell phone.

66.　　Citibank placed non-emergency telephone calls to Ms. James' cell phone.

67.　　Citibank called Ms. James using an automatic telephone dialing system and/or used a pre-recorded or artificial voice.

68.　　Citibank called Ms. James after she revoked any consent by telling Citibank to "stop calling" her.

69.　　As a result of Citibank's illegal conduct, Ms. James suffered actual damages and,

under § 227(b)(3)(B), is entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

70.     Therefore, Citibank is in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

71.     WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff, ARILYN JAMES and against Defendant, CITIBANK, N.A. for:

a)      Actual and statutory damages;

b)      An injunction permanently enjoining the Defendant from engaging in the aforementioned violative practices; and

c)      Such other or further relief as this Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

72.     Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint.

73.     At all times relevant to this action, Citibank is subject to and must abide by the law of Florida, including Florida Statute section 559.72.

74.     Citibank has violated Florida Statute section 559.72 by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

75.     Citibank has violated Florida Statute section 559.72 by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

76.     Citibank has violated Florida Statute section 559.72 by attempting to enforce a debt when Citibank knows that the debt is not legitimate or assert the existence of some legal right when Citibank knows that right does not exist.

77.     Citibank actions have directly and proximately resulted in Ms. James' prior and

continuous sustaining of damages as described by Florida Statute section 559.77.

78.   WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff, ARILYN JAMES and against Defendant, CITIBANK, N.A. for:

a)   Actual and statutory damages;

b)   Attorney's fees, litigation expenses, and costs of suit;

c)   An injunction permanently enjoining the Defendant from engaging in the aforementioned violative practices; and

d)   Such other or further relief as this Court deems equitable, just, or proper.

Respectfully Submitted,

DAVIS LAW FIRM

*s/ WILLIAM C. HANDLE*
TODD M. DAVIS, ESQ.
FL BAR NO. 58470
TD@DavisPLLC.com
WILLIAM C. HANDLE, ESQ.
FL BAR NO. 1002425
WH@DavisPLLC.com
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)